IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CARLTON KILSON,

        Petitioner,

v.

STEVEN WESLEY, Warden, and
ATTORNEY GENERAL OF THE
STATE OF DELAWARE,

        Respondents.

Civil Action No.14-728-RGA

## MEMORANDUM OPINION

Carlton Kilson. *Pro se* Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 26, 2015

*[signature]*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Carlton Kilson's ("Petitioner") Petition for Habeas Corpus Relief ("Petition"). (D.I. 1) The State has filed an Answer in opposition. (D.I. 8) For the reasons discussed, the Court will dismiss the Petition as moot.

## I. BACKGROUND

In October 2013, a Delaware Superior Court jury convicted Petitioner of second degree assault, possession of a deadly weapon during the commission of a felony, and terroristic threatening. *See Kilson v. State*, 91 A.3d 562 (Table), 2014 WL 1745986, at *1 (Del. Apr. 30, 2014). Petitioner was sentenced to an aggregate of twelve years in prison, suspended after eight years for decreasing levels of supervision. *Id.* Petitioner appealed. On April 30, 2014, the Delaware Supreme Court reversed his conviction because of an error in instructing the jury. *Id.*

On June 11, 2014, Petitioner filed a Petition for Writ of Habeas Corpus in this Court asserting that he is illegally being denied his right to be released on pre-trial bail. (D.I. 1) The Court ordered the State to respond to the Petition. (D.I. 6) The state court records provided by the State reveal that Petitioner pled guilty to second degree assault and PDWDCF on June 25, 2014. (D.I. 9-2 at 12) The Superior Court sentenced him in July 2014 to eight years of Level V incarceration, suspended after two years for decreasing levels of supervision, for the second degree assault conviction, and to two years of Level V incarceration for the PDWDCF conviction. (D.I. 9-2 at 21-25) Petitioner timely appealed the Superior Court judgment to the Delaware Supreme Court, and that appeal is still pending. (D.I. 9 at 3-4) The State contends that Petitioner's claim is factually baseless, moot, and unexhausted. (D.I. 8)

## II. GOVERNING LEGAL PRINCIPLES

Pursuant to Article III of the Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings," *Lewis*, 494 U.S. at 477-78, and there must be "a live case or controversy at the time that a federal court decides the case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). "[T]he question of mootness is one ... which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

A person in pre-trial detention may seek federal habeas relief pursuant to 28 U.S.C. § 2241, but such relief will only be available in extraordinary circumstances.[1] *See Moore v. DeYoung*, 515 F.2d 437, 441-43 (3d Cir. 1975)("Unlike § 2254, § 2241 authorizes federal courts to issue the writ before a judgment is rendered in a state criminal proceeding."). However, when a petitioner only attacks his pre-trial detention and is subsequently convicted, he must prove that there are collateral consequences that can be redressed by a favorable judicial decision in order to prevent his case from being dismissed as moot. *See Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009). If there are no continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *See Rice*, 404 U.S. at 246 (1971).

## III. DISCUSSION

Given the nature of Petitioner's challenge regarding his denial of bail, and the fact that Petitioner was, in fact, detained pre-trial in Delaware when he filed his Petition, the Court liberally construes Petitioner's document as a petition for pre-trial habeas relief filed pursuant to

---

[1] In contrast, a prisoner may obtain federal habeas relief pursuant to 28 U.S.C. § 2254 only if he is in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2254(a).

28 U.S.C. § 2241. Petitioner's pre-trial detention/bail claim is somewhat unique, considering that he raised it following the reversal of his first conviction. Given the uniqueness of this claim, and the Court's inability to comprehensively assess the procedural posture of Petitioner's case, the Court exercised prudence and ordered the State to file a response to the Petition.

However, Petitioner's pre-trial detention/bail claim became moot when he pled guilty to second degree assault and PDWDCF a few weeks after filing the instant Petition. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Padilla v. Brewington-Carr*, 2002 WL 100572, at *2 (D. Del. Jan. 22, 2002)(holding that a § 2241 petition challenging pretrial detention became moot once petitioner pled guilty, because the alleged unlawful pretrial detention of which he complained had ceased). In order to avoid a dismissal for mootness, Petitioner must demonstrate the existence of continuing collateral consequences sufficient to satisfy Article III's "case or controversy" requirement.

Petitioner has not alleged, and the Court is unable to discern, any continuing collateral consequences stemming from Petitioner's pre-trial detention/bail claim that can be redressed by a favorable judicial decision in this federal habeas proceeding. As such, the Court will deny the instant Petition as moot.[2]

## IV.  CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a habeas petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying

---

[2] Having decided that the instant Petition must be dismissed as moot, the Court need not address the State's alternate reasons for dismissal.

constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is moot. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied as moot. An appropriate Order will be entered.

4